1  THOMAS M. MCINERNEY, CA Bar No. 162055
   thomas.mcinerney@ogletree.com
2  GRAHAM M. HELM, CA Bar No. 316002
   graham.helm@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   One Embarcadero Center, Suite 900
4  San Francisco, CA  94111
   Telephone:    415-442-4810
5  Facsimile:    415-442-4870

6  Attorneys for Defendant
   NXP USA, Inc. (erroneously sued as
7  NXP SEMICONDUCTORS)

8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINETTE DICKENS,<br><br>         Plaintiff,<br><br>    v.<br><br>NXP SEMICONDUCTORS,<br><br>         Defendant. | Case No. 5:23-cv-01073-BLF<br><br>**DECLARATION OF DR. ULRIKE CONRADI IN SUPPORT OF DEFENDANT NXP USA, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT BASED ON *FORUM NON CONVENIENS***<br><br>Date:       November 2, 2023<br>Time:      9:00 a.m.<br>Location: Via Remote Appearance<br>              Courtroom 3, San Jose Courthouse<br><br>Complaint Filed: March 9, 2023<br>Trial Date:          None Set<br>Judge:                Hon. Beth L. Freeman |

Case No. 5:23-cv-01073-BLF
DECLARATION OF DR. ULRIKE CONRADI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT BASED ON *FORUM NON CONVENIENS*

**DECLARATION OF DR. ULRIKE CONRADI**

1. I, Ulrike Conradi, declare as follows:

2. I am an attorney licensed to practice before all of the Courts of the Federal Republic of Germany[1] (Rechtsanwältin), and a shareholder at the law firm of Ogletree Deakins International LLP. I have personal knowledge of all of the facts set forth below, and if called upon to testify to the same, I could and would do so competently and truthfully.

3. I make this declaration in support of Defendant's Motion to Dismiss Plaintiff Antoinette Dickens' Complaint Based on *Forum Non Conveniens*. I have reviewed Dickens' Complaint in the above-entitled action and the German laws addressed below.

4. I received a Doctorate (Dr. jur.) from the University of Leipzig in 2000. I have been a licensed attorney in Germany since 1999. I am fluent in the German and English languages. I have specialized in employment law since 1999 and am admitted by the German bar as attorney specialized in employment law (Fachanwältin für Arbeitsrecht) since 2004 advising clients and representing clients in litigation. As part of my practice, I have an in-depth understanding of German law related to employment issues, including Germany's Basic Law for the Federal Republic of Germany (*Grundgesetz*), General Act on Equal Treatment (*Allgemeines Gleichbehandlungsgesetz*), Transparency in Wage Structures Act (*Entgelttransparenzgesetz*), Code of Civil Procedure (*Zivilprozessordnung*), Civil Code (*Bürgerliches Gesetzbuch*), and Labour Court Act (*Arbeitsgerichtsgesetz*). I have reviewed Exhibits 14 through 18 to Defendant's Request for Judicial Notice in Support of the Motion filed concurrently herewith, and the English translations of the official German versions of those German laws are generally accurate and are accessible from the German Federal Ministry of Justice, Federal Office of Justice website, https://www.gesetze-im-internet.de/Teilliste_translations.html.

5. The principle of equal treatment is a fundamental right under Article 3 of Germany's Basic Law for the Federal Republic of Germany. Article 3, paragraph 2, states the following translated in English: "Men and women shall have equal rights. The state shall promote

---

[1] Except in civil matters before the Bundesgerichtshof (German Supreme Court)

the actual implementation of equal rights for women and men and take steps to eliminate disadvantages that now exist." Article 3, paragraph 3, states the following translated in English: "No person shall be favoured or disfavoured because of sex, parentage, race, language, homeland and origin, faith or religious or political opinions. No person shall be disfavoured because of disability." These Articles guarantee that men and women have equal rights, and prohibits discrimination based on sex and race.

6. Section 1 of the General Act on Equal Treatment prohibits discrimination on the grounds of race or ethnic origin, gender, and other protected categories. Section 7 of the General Act on Equal Treatment states the following translated in English: "(1) Employees shall not be permitted to suffer discrimination on any of the grounds referred to under Section 1; this shall also apply where the person committing the act of discrimination only assumes the existence of any of the grounds referred to under Section 1. (2) Any provisions of an agreement which violate the prohibition of discrimination under Subsection (1) shall be ineffective. (3) Any discrimination within the meaning of Subsection (1) by an employer or employee shall be deemed a violation of their contractual obligations." Under Section 3, paragraph 3, of the General Act on Equal Treatment deems harassment to be discrimination. Section 3, paragraph 3, states the following translated in English: "(3) Harassment shall be deemed to be discrimination when an unwanted conduct in connection with any of the grounds referred to under Section 1 takes place with the purpose or effect of violating the dignity of the person concerned and of creating an intimidating, hostile, degrading, humiliating or offensive environment."

7. An employee can seek compensation damages, including pain and suffering, from his or her employer for violating the prohibition against discrimination. Section 15, paragraph 1, of the General Act on Equal Treatment states the following translated in English: "In the event of a violation of the prohibition of discrimination, the employer shall be under the obligation to compensate the damage arising therefrom. This shall not apply where the employer is not responsible for the breach of duty."

8. An employee may also file a case of discrimination with the German Federal Anti-Discrimination Agency pursuant to Section 27 of the General Act on Equal Treatment.

9. Sections 3 and 7 of the Transparency in Wage Structures Act prohibit discrimination in pay for equal work or work of equal value. Section 3 of the Transparency in Wage Structures Act states the following translated in English: (1) In the case of equal work or work of equal value, direct or indirect discrimination on the grounds of sex with regard to all remuneration components and remuneration conditions shall be prohibited. (2) Direct discrimination on grounds of sex shall be deemed to exist where an employee receives, has received or would receive less pay for the same or equivalent work than an employee of the other sex. Direct discrimination shall also be deemed to exist in the case of lower pay for a woman due to pregnancy or maternity. (3) Indirect discrimination shall be deemed to exist where an apparently neutral provision, criterion or practice may put an employee at a particular disadvantage in terms of pay on grounds of sex compared with employees of the other sex, unless the provision, criterion or practice in question is objectively justified by a legitimate aim and the means of achieving that aim are appropriate and necessary. In particular, criteria related to the labor market, performance and work results may justify a difference in pay, provided that the principle of proportionality has been observed."

10. Section 7 of the Transparency in Wage Structures Act states the following translated in English: "In employment relationships, remuneration for the same work or work of equal value may not be agreed or paid at a lower rate than for an employee of the opposite sex on account of the employee's gender."

11. Both the Transparency in Wage Structures Act and Civil Code prohibit retaliation. Section 9 of the Transparency in Wage Structures Act states the following translated in English: "The employer may not discriminate against employees for claiming rights under this Act. The same shall apply to persons who support the employees in this regard or who testify as witnesses. § Section 16 of the General Equal Treatment Act shall remain unaffected." Section 612a of the Civil Code states the following translated in English: "(1) The employer shall not be permitted to discriminate against employees who assert their rights under Part 2 or on account of their refusal to carry out instructions that constitute a violation of the provisions of Part 2. The same shall apply to persons who support the employee in this or who testify as a witness. (2) The rejection or toleration of discriminatory conduct by an affected employee may not be used as the basis for a

decision affecting that employee. Subsection (1) second sentence shall apply mutatis mutandis.  (3) Section 22 shall apply mutatis mutandis."

12. Section 2 of the Labour Court Act vests German Labour Courts with exclusive over jurisdiction civil disputes between employees and employer arising out of the employment relationship; and civil disputes between employees and employers concerning claims that have a legal or direct economic connection with the employment relationship.  An employer can be sued in the Labour Court where the employer has its seat (German Code of Civil Procedure § 17) or branch (German Code of Civil Procedure § 21), or where the employee regularly worked (German Labour Court Act § 48, ¶ 1).

    a. Section 17 of the Code of Civil Procedure states the following translated in English: "The general place of jurisdiction of municipalities, corporations and of those companies, cooperatives or other associations and of those foundations, institutions and estates which may be sued as such shall be determined by their registered office. Unless otherwise specified, the registered office shall be the place where the administration is carried on."

    b. Section 21 of the Code of Civil Procedure states the following translated in English: "If, for the purpose of operating a factory, an act or any other trade, a person has a place of business from which business is directly transacted, any action relating to the business of the place of business may be brought against him in the court of the place where the place of business is situated."

    c. Section 48, paragraph 1, of the Labour Court Act states the following in English: "In the case of disputes under section 2(1)(3), (4a), (7), (8) and (10) and subsection (2), the labor court in whose district the employee habitually carries out his work or last habitually carried out his work shall also have jurisdiction. If a usual place of work within the meaning of sentence 1 cannot be determined, the labor court from whose district the employee usually performs his work or last usually performed his work shall have local jurisdiction."

13. Based on my review of Dickens' Complaint, and assuming Dickens' claims refer to

her employment contract with NXP Semiconductors GmbH, the German Labour Courts would have personal jurisdiction over NXP Semiconductors GmbH, NXP Semiconductors GmbH can be served with legal process in Germany, and the Labour Courts provide an adequate remedy for Dickens' claims.

14.

The processing of any personal data, including personal data of employees stored in personnel files, is subject to the restrictions of the German Federal Data Protection Act (Bundesdatenschutzgesetz) and the Regulation (EU) and 2016/679 of the European Parliament and of the Council of April 27, 2016 on the protection of natural persons with regard to the processing of personal data and on the free movement of such data, and repealing Directive 95/46/EC (General Data Protection Regulation-GDPR). Pursuant to Sec. 26 para 1 Sentence 1 of the German Federal Data Protection Act personal data of employees may be processed for employment-related purposes where necessary for hiring decisions or, after hiring, for carrying out or terminating the employment contract or to exercise or satisfy rights and obligations of employees' representation laid down by law or by collective agreements or other agreements between the employer and staff council.

Also under GDPR, the processing of personal data is only lawful, if in line with the provisions of GDPR. A transfer of personal data to a country outside the EU is restricted. It can take place if the country ensures an adequate level of protection as covered by an adequacy decision of the European Commission (Art. 45 GDPR). For the US, such an adequacy decision of the European Commission currently does not exist. According to Art. 48 GDPR any judgment of a court or tribunal and any decision of an administrative authority of a third country requiring a controller or processor to transfer or disclose personal data may only be recognized or enforceable in any manner if based on an international agreement, such as a mutual legal assistance treaty, in force between the requesting third country and the Union or a Member State, without prejudice to other grounds for transfer pursuant to Chapter V of GDPR.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct, and that this declaration was executed on this 21 day of May, 2023, at Berlin, Germany.

_____
DR. ULRIKE CONRADI