1
2
3
4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    ANTOINETTE DICKENS,                    Case No. 23-cv-01073-PCP

8              Plaintiff,

9         v.                               **ORDER GRANTING MOTION TO
                                           DISMISS**
10   NXP SEMICONDUCTORS,
                                           Dkt. No. 21
11             Defendant.

12

13        Defendant NXP Semiconductors moves to dismiss plaintiff Antoinette Dickens's amended

14   complaint. For the reasons that follow, the Court grants the motion based on forum non

15   conveniens.

16                                   **BACKGROUND**

17        Dickens worked at NXP Semiconductors in the company's Hamburg, Germany office as a

18   System Security Manager on the Site Certification Team from February 2018 through May 2023.

19   Dickens filed this lawsuit against NXP on March 9, 2023, alleging that her employer violated Title

20   VII and 42 U.S.C. § 1981 by engaging in a hostile work environment, disparate treatment, failure

21   to promote, disparate pay, and retaliation, all based on both her race and her sex. NXP moved to

22   dismiss Dickens's complaint on three grounds: (1) failure to state a § 1981 claim under Federal

23   Rule of Civil Procedure 12(b)(6); (2) failure to state a Title VII claim under Rule 12(b)(6); and (3)

24   dismissal based on forum non conveniens. On October 16, 2023, Dickens amended her complaint

25   to remove the claims under 42 U.S.C. § 1981, leaving only the Title VII claims.[1]

26   _____

27   [1] In her amended complaint, Dickens clarifies that she is suing NXP NV, a Dutch parent company.
     Dkt. No. 37-3, at 3. Dickens, however, initially served NXP USA, Inc.—an American subsidiary

28   of NXP NV—which filed the pending motion to dismiss and subsequent briefing materials. Dkt.
     No. 21, at 2; Dkt. No. 42, at 6. Because the Court dismisses the case on grounds of forum non

*United States District Court*
*Northern District of California*

**STANDARD OF REVIEW**

"The doctrine of *forum non conveniens* allows a court to dismiss a case properly before it when litigation would be more convenient in a foreign forum." *Cooper v. Tokyo Electric Power Co., Inc.*, 860 F.3d 1193, 1210 (9th Cir. 2017). To prevail on a motion to dismiss based on forum non conveniens, the defendant bears the burden of demonstrating that an adequate alternative forum exists and that the balance of private and public interest factors favors dismissal. *Ceramic Corp. of America v. Inka Maritime Corp.*, 1 F.3d 947, 949 (9th Cir. 1993) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981)). In the Ninth Circuit, the private interest factors are: (1) the residence of the parties and witnesses, (2) the forum's convenience to the litigants, (3) access to physical evidence and other sources of proof, (4) whether unwilling witnesses can be compelled to testify, (5) the cost of bringing witnesses to trial, (6) the enforceability of the judgment, and (7) any practical problems or other factors that contribute to an efficient resolution. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1180 (9th Cir. 2006). The public interest factors are: (1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum. *Id.* at 1181.

The forum non conveniens determination ultimately lies in the district court's discretion. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947)). "In a motion to dismiss for forum non conveniens, the allegations in the complaint need not be accepted as true, and the court may consider evidence outside the pleadings." *Farhang v. Indian Inst. of Tech.*, 2012 WL 11379, at *8 (N.D. Cal. Jan. 12, 2012); *accord Alcoa S. S. Co., Inc. v. M/V Nordic Regent*, 654 F.2d 147, 149 (2d. Cir. 1980).

I.    **The Balance of Factors Favors Litigation in an Alternative Forum.**

      **A.  Germany Provides an Adequate Alternative Forum.**

As noted above, dismissal for forum non conveniens is permissible only if the defendant moving for dismissal establishes at the outset that there is an adequate alternative forum in which

conveniens, it need not consider which defendant would be the proper defendant with respect to Dickens's Title VII claims.

the plaintiff's claims could be addressed. An alternative forum is inadequate if "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Creative Technology, Ltd. v. Aztech System Pte., Ltd.*, 61 F.3d 696, 701 (9th Cir. 1995) (citing *Piper*, 454 U.S. at 254). The determination of adequacy is made "on a case by case basis, with the party moving for dismissal bearing the burden of proof." *Leetsch v. Freedman*, 260 F.3d 1100, 1103 (9th Cir. 2001). Factors to consider include the defendant's amenability to service of process in the alternative forum, the foreign court's jurisdiction over the case, and the foreign court's competency to decide the legal questions involved. *Id.* The moving party may demonstrate the adequacy of the alternative forum's law through affidavits and expert declarations. *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991).

Here, NXP has met its burden as the moving party. As a threshold matter, in making its adequacy determination, the Court can consider the employment contract introduced by NXP, which shows that Dickens was employed by NXP Germany—a German subsidiary of the Dutch parent company NXP NV. Dkt. No. 43-2. Undoubtedly, NXP Germany is subject to personal jurisdiction in Germany and can be served there.[2] Additionally, Germany provides an adequate remedy for Dickens under its anti-discrimination laws. In *Ranza v. Nike, Inc.*, 793 F.3d 1059 (9th Cir. 2015), for example, the Ninth Circuit found the Netherlands to be an adequate alternative forum for an American citizen to bring employment discrimination claims because Dutch law prohibits such discrimination. *Id.* at 1078. The Court did so even though Dutch law provides less generous remedies than Title VII. *Id.* NXP's supporting declarations similarly establish that Germany has robust anti-discrimination laws that prohibit workplace discrimination on the basis of both race and sex. Dkt. No. 21-3. Under *Ranza*, that is sufficient.

Dickens counters that "German courts do not have a grasp on the nuances of historic and systemic race discrimination, and the intersectionality of race and gender at issue in this case." Dkt. No. 36, at 25. She fails to substantiate this claim with any concrete evidence, however.

---

[2] The fact that NXP USA, Inc. is responsible for the current briefing is of no consequence. An American corporate defendant can concede that another country is an adequate alternative forum if its foreign corporate partner (here, NXP Germany) can be served there. *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 365 (6th Cir. 2008).

United States District Court
Northern District of California

1    Further, under *Ranza*, German courts' purportedly weaker understanding of the relevant principles

2    of discrimination law generally would not make the alternative forum inadequate.

3         By identifying the numerous relevant anti-discrimination laws that exist in Germany, NXP

4    has met its burden to show that Germany is an alternative forum that could provide Dickens with

5    an adequate remedy.

6         **B.  The Balance of Private and Public Interest Factors Favors Dismissal.**

7         If the moving party shows that an adequate alternative forum exists, courts must then

8    balance the relevant private and public interest factors in determining whether dismissal for forum

9    non conveniens is appropriate. On balance, both the private factors and public factors support

10   dismissal here.

11        The first private interest factor is the residence of the parties and witnesses. Because the

12   majority of Dickens's claims occurred in Germany, most parties and witnesses in this case will

13   reside in Germany. Though Dickens is an American citizen who is purportedly relocating back

14   from Europe to the United States soon, the alleged discrimination occurred in NXP Germany's

15   office and was perpetrated mostly by German employees.[3]

16        The second private interest factor is the forum's convenience to the litigants. Because the

17   parties and witnesses in this case are largely based in Germany, this American forum would be

18   inconvenient for most litigants. Even taking as true Dickens's allegations that various NXP

19   Human Resources (HR) officers are based in the United States, the HR leadership team is located

20   at NXP USA's headquarters in Austin, Texas, making the Northern District of California an

21   inconvenient forum for these US-based officers as well. While Dickens's inability to speak or read

22   German may make the German forum inconvenient for her, this fact alone does not sway this

23   factor against dismissal given that the majority of litigants are based in Germany.

24        The third private interest factor is access to physical evidence and other sources of proof.

25   In this case, an American forum would present legal and procedural challenges for accessing

26

27   _____

      [3] Dickens's allegation that NXP CEO Kurt Sievers resided in San José, California during the
28   relevant period is unsubstantiated. By contrast, NXP's supporting declarations establish that
      Sievers lived and worked in Europe during the relevant years. Dkt. No. 21-5.

1   physical evidence and other sources of proof located in Germany. As NXP notes, the process of

2   conducting discovery under this Court's supervision in Germany will be time-consuming and

3   expensive because of the complex procedures required to obtain German evidence for use in an

4   U.S. civil proceeding under the Hague Convention. Dkt. No. 21, at 29. Even obtaining electronic

5   evidence like e-mails can present technical challenges because of requirements in the German

6   Federal Data Protection Act and the European Union's General Data Protection Regulation. *Id.* at

7   30.

8        The fourth private interest factor is whether unwilling witnesses can be compelled to

9   testify. Under the Hague Convention, compelling the deposition of a German resident for a U.S.

10  civil proceeding would require an American court to first obtain consent from a German court. *Id.*

11  This prior approval process can be cumbersome and delay the proceedings. *See Société Nationale*

12  *Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 542 (1987) (noting

13  that such approval requests between foreign courts can be "unduly time consuming and expensive,

14  as well as less certain to produce needed evidence than direct use of the Federal Rules."). This

15  factor thus favors the German forum.

16       With respect to the fifth factor—the cost of bringing witnesses to trial—it is clear that the

17  time and expense of bringing witnesses to trial from Germany to the United States (or even from

18  Texas to California) would be quite high.

19       As to the sixth factor, it is not clear that a judgement by this Court against NXP Germany

20  would be directly enforceable in Germany absent evidence of a relevant bilateral treaty between

21  the U.S. and Germany. Dkt. No. 21, at 31. As Dickens concedes, Germany's enforcement of this

22  Court's judgment would require a showing that NXP NV "operates a single, integrated enterprise"

23  across NXP USA, Inc. and NXP Germany. Dkt. No. 36, at 23. Determining whether an "integrated

24  enterprise" exists requires several factual determinations that the Court cannot make at this stage.

25  Thus, while this factor may not support dismissal, it also does not militate against dismissal.

26       The seventh private interest factor is the presence of practical problems or other factors

27  that would interfere with an efficient resolution. Because most of the key witnesses in this case

28  live in Germany, litigating in this forum is likely to be impractical and inefficient.

United States District Court
Northern District of California

1    On balance, these private factors favor dismissal of this case. The public interest factors

2    also weigh in favor of dismissal.

3    First, German courts have a strong interest in enforcing their own anti-discrimination laws

4    with respect to discrimination experienced entirely or almost entirely within Germany. While U.S.

5    courts are certainly better suited than German courts to address Title VII claims, whether such

6    claims can even be asserted extraterritorially is deeply disputed here.

7    Second, and relatedly, German courts are undeniably better suited than this Court to

8    interpret and apply any of their own anti-discrimination laws that might apply to this case.

9    Third, asking jurors in California to decide the issues presented here, which arose primarily

10   in Germany and involve a company headquartered in the Netherlands and Texas, would be unduly

11   burdensome. Indeed, the jurors would likely be confused as to the reasons why the case was being

12   pursued in San José, California instead of Germany, the Netherlands, or Texas.

13   Fourth, while NXP has not expressly demonstrated that hearing this case would contribute

14   to congestion in this Court, the logic of *United States v. Vestor, LLC*, 290 F.Supp.2d 1057 (N.D.

15   Cal. Oct. 28, 2003) applies with equal force here. As the Court explained in that case, "The U.S.

16   District Court for the Northern District of California is a busy court. Trying this case here would

17   require translating law and testimony into and from German. It would be an imposition to ask

18   California jurors to decide a dispute concerning German citizens, corporations and property. This

19   is not a local controversy, since all of the assets and rights at issue are located in Germany and all

20   the culminating events occurred in Germany. California has little interest [in this lawsuit]." *Id.* at

21   1069.

22   Fifth, and finally, there may be significant costs to having this Court resolve a dispute that

23   has little relation to this forum. For example, interpretations of German statutes by this Court

24   could conflict with those by German courts. Such conflicts are unnecessary and should be

25   avoided.

26                                           **CONCLUSION**

27   Considered together, the private and public interest factors favor dismissal of the lawsuit.

28   Accordingly, the Court grants NXP's motion to dismiss Dickens's amended complaint. All of

Dickens's claims are dismissed without prejudice. The Clerk shall enter judgment and close the case.[4]

**IT IS SO ORDERED.**

Dated: November 21, 2023

_____

P. Casey Pitts
United States District Judge

---

[4] Because the Court grants NXP's motion based on forum non conveniens, it will not consider NXP's Rule 12(b)(6) arguments regarding Title VII.